UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRADER JOE'S COMPANY, a
California Corporation,

                Plaintiff,

    v.

JOES WINE INC. d/b/a
JOE'S WINE SHOP and JOE'S WINE CO., a
New York Corporation; and DOES 1-10,
inclusive,

                Defendants.

CASE NO. 1:24-cv-08835-LJL

**[PROPOSED] ORDER GRANTING PERMANENT INJUNCTION**

**WHEREAS**, Plaintiff Trader Joe's Company ("Trader Joe's" or "Plaintiff") is the owner of numerous federally registered and common-law trademarks associated with its retail grocery chain and its products, including United States Trademark Registration Nos. 2,171,157, 4,001,531, 4,001,533, 5,221,626, 2,160,601, 1,421,383, 1,424,176, 2,156,879, 2,158,990, 5,968,218, 5,642,768, and 6,186,460 (collectively, the "Trader Joe's Trademarks");

**WHEREAS**, Trader Joe's is the owner of trade dress rights in distinctive design and dress elements that are used in its stores and advertising and promotional materials, including a circle design logo, a red color palette, cedar planks on the walls, hand-drawn and hand-painted signs and murals, tropical and floral designs, black-and-white illustrations in the style of late 1800s and early 1900s lithography, and woodcut art (collectively, the "Trader Joe's Trade Dress");

**WHEREAS**, Trader Joe's alleges that Defendant Joes Wine Inc. d/b/a/ Joe's Wine Shop and Joe's Wine Co. ("Defendant") has infringed and diluted the Trader Joe's Trademarks and Trader Joe's Trade Dress by using, *inter alia*, the name "Joe's Wine Co.", circle-shaped logos, wood paneling, cedar planks on the walls, tropical/floral designs, handmade signs, red lettering on signage, and old-fashioned illustrations in connection with the displays, advertising, and promotion of Defendant's wine shop at 113 3rd Ave, New York, NY 10003 (the "Wine Shop");

**WHEREAS**, on November 20, 2024, Trader Joe's filed the current action against Defendant, asserting claims for trademark infringement, false designation of origin, unfair competition, and trademark dilution under federal and New York state law, and for promissory estoppel (Dkt. No. 1);

**WHEREAS**, the parties have entered into a Confidential Settlement Agreement; and

**WHEREAS**, Defendant has agreed to the below terms of a Permanent Injunction.

**IT IS HEREBY ORDERED** that:

1. This Court has jurisdiction over the parties to this Permanent Injunction and has jurisdiction over the subject matter hereof pursuant to pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367.

2. The Trader Joe's Trademarks and Trader Joe's Trade Dress are valid and enforceable, and have been infringed by Defendant.

3. As of February 14, 2025, Defendant and its owners, managers, shareholders, representatives, officers, directors, agents, employees, parents, subsidiaries, affiliates, successors, and assigns, and all other persons acting in concert with any of them, are hereby permanently enjoined from infringing or diluting the Trader Joe's Trademarks and the Trader Joe's Trade Dress, including by:

    (a) using the name "Joe" (and any derivations thereof, including "Joe's") in connection with the operation, advertising, or promotion of the Wine Shop (including on all websites and social media accounts) or in connection with any other product or service that is the same or similar to any product or service offered by Trader Joe's;

    (b) using the term "Trader" (and any derivations thereof, including "Traders") in connection with the operation, advertising, or promotion of the Wine Shop (including on all websites and social media accounts) or in connection with any other product or service that is the same or similar to any product or service offered by Trader Joe's;

    (c) using any circle-shaped logos in connection with the operation, advertising, or promotion of the Wine Shop (including on all websites and social media accounts), including the circle-shaped logos shown in **Exhibit 1** (attached

       hereto), or in connection with any other product or service that is the same or similar to any product or service offered by Trader Joe's;

(d) using any red-colored lettering and logo elements in connection with the operation, advertising, or promotion of the Wine Shop (including on all websites and social media accounts), including the red-colored lettering and logo elements shown in **Exhibit 1**, or in connection with any other product or service that is the same or similar to any product or service offered by Trader Joe's;

(e) using any wood paneling, cedar planks, tropical/floral designs, handmade signs, old-fashioned illustrations, or other images evocative of the Trader Joe's Trade Dress in connection with the operation, advertising, or promotion of the Wine Shop (including on all websites and social media accounts), including the elements shown in **Exhibit 1**, or in connection with any other product or service that is the same or similar to any product or service offered by Trader Joe's; and

(f) Assisting, aiding, or attempting to aid or assist any other person or entity in performing any of the prohibited activities set forth in Paragraphs 3(a) to 3(e) above.

4. Notwithstanding the above, Defendant may use the name "Joseph's Wine Co." and hardwood-colored flooring and countertops in connection with the operation, advertising, or promotion of the Wine Shop, provided that: (a) such use does not create any likelihood of consumer confusion with the Trader Joe's Trademarks or Trader Joe's Trade Dress; and (b) Defendant remains in full compliance with its obligations as set forth in Paragraphs 3(a) to 3(f) hereabove.  This injunction does not apply to any marketing or sale by Defendant of products

3

bearing a brand not owned by Defendant that may incorporate a name or design element prohibited under this section (*e.g.*, Trader Vic's liquor, Wines by Joe, or products with a label depicting a circular logo, red lettering, or floral designs), or to the use of the name "Joe" by any employee or representative of Defendant who is named or nicknamed "Joe" to identify that individual.

5.  Defendant shall remain in full compliance with the Court's previously entered TRO (Dkt. No. 39) until either February 14, 2025, or the date of entry of this Permanent Injunction, whichever occurs later.

6.  Trader Joe's and Defendant shall bear their own costs and attorneys' fees associated with this action.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over the parties to the extent necessary to enforce the terms of this Order and the injunctive relief provided herein.

**IT IS FURTHER ORDERED** that this Order terminates all proceedings in this action and all future dates are stricken.

**IT IS SO ORDERED.**

**SIGNED AND ENTERED** this 28th day of January, 2025.

_____
Hon. Lewis J. Liman
United States District Judge

**EXHIBIT 1**

**A. In Use As Of December 12, 2024**

**Circle-Shaped Logos:**







6

**Red Lettering:**



**Wood Paneling:**



**Handmade Signs**:

 

**<u>Tropical / Floral Designs</u>**:





8



## B. Previously In Use







11



12





